UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNIVERSAL PHYSICIAN SERVICES, LLC,

Plaintiff,

v.                                                                    Case No: 8:16-cv-1274-CEH-JSS

AMANDA DEL ZOTTO, ERIC DELONG and CLINICAL SERVICES, LLC,

Defendants.
_____/

## PLAINTIFF'S RENEWED MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiff, UNIVERSAL PHYSICIAN SERVICES, LLC (*"UPS"*), initially filed Plaintiff's Motion for Attorney's Fees and Costs (Doc. 375) which was denied without prejudice in light of a pending appeal with leave to file a motion for attorney's fees and costs within thirty (30) days of the entry of a mandate by the Court of Appeals on the pending appeal (Doc. 381). On February 4, 2021, the United States Court of Appeals for the Eleventh Circuit issued the mandate (Doc. 392). Accordingly, UPS moves this Honorable Court for an order awarding attorneys' fees and costs pursuant to Fla. Stat. §§ 688.005 and 501.2105 and the Court's September 16, 2019 Order (*"Sanctions Order"*) (Doc. 304), and as

00684230-2

ENGLANDER FISCHER
ATTORNEYS
721 First Avenue North • St. Petersburg, Florida 33701
Phone (727) 898-7210 • Fax (727) 898-7218
eflegal.com

grounds therefore would show:

## I. EXECUTIVE SUMMARY

On September 16, 2019, the Court entered the Sanctions Order (Doc. 304), finding that UPS was entitled to an award of its reasonable attorneys' fees and costs expended in prosecuting its Motion for Sanctions (Doc. 160). The Sanctions Order provided that UPS file a motion for attorneys' fees and costs within fourteen (14) days of the entry of a judgment in this case. Subsequently, following a four-day jury trial, on November 21, 2019, the jury returned verdicts in UPS's favor as to its remaining misappropriation of trade secrets claims (Counts X, XI, and XII) and as to Defendants', Eric DeLong (*"DeLong"*) and Clinical Services, LLC (*"CSI"*), remaining counterclaim brought pursuant to Florida's Deceptive and Unfair Trade Practices Act (Count I). The jury verdicts resulted in the Final Judgment (Doc. 374) entered on December 23, 2019. Accordingly, UPS seeks an award of its reasonable attorneys' fees and costs incurred pursuant to Fla. Stat. §§ 688.005 & 501.2105 and the Sanctions Order (Doc. 304).

## II. FACTUAL BACKGROUND

### A. Attorneys' Fees

Englander and Fischer, LLP, in accordance with its duties as attorneys for UPS, has expended **2,044.05 hours** in this matter from May 20, 2016 through November 21, 2019, for a total of **$606,508.38** in professional fees, for which UPS

seeks reimbursement. (Fernald Aff., ¶ 25). The Fernald Affidavit is attached hereto as **Exhibit "A."**

    i.  *The Firm's Participation*

The law firm of Englander and Fischer, LLP (***"the Firm"***), has been counsel of record for UPS since the inception of this lawsuit. *Id.* at ¶ 6. Following this case's removal to federal court, the Firm represented UPS in numerous evidentiary hearings in addition to a federal jury trial, including:

- A two-day evidentiary hearing on UPS's motion for sanctions against DeLong and CSI (Doc.160) and UPS's supplemental motion for sanctions against DeLong and CSI (Doc.178); and

- A four-day jury trial on UPS's counts against DeLong and CSI for misappropriation of trade secrets, seeking damages (both compensatory and punitive). *Id.* at 21.

The Firm obtained successful results for UPS at nearly every phase of the litigation, including a favorable summary judgment ruling on Counts VI and VII of DeLong and CSI's counterclaims, an award of sanctions against DeLong and CSI for their perjury in this case, and a final judgment awarding $176,061.00 in compensatory and $50,000.00 in punitive damages. The Firm conducted and/or appeared at multiple depositions in the case, represented UPS at a mediation and a settlement conference, and ultimately represented UPS in the federal jury trial against DeLong and CSI,

prevailing and obtaining a substantial judgment against them. *Id*. at 21. The relevant notices, orders, and judgment are attached hereto as **Composite Exhibit "A-2."** This case required a substantial amount of time and effort due to the number of issues raised and the fact that the issues were heavily contested by DeLong and CSI. DeLong and CSI's repeated perjury and litigation misconduct throughout this case also substantially increased the amount of time and expense needed to prosecute UPS's claims against them. Additionally, DeLong and CSI's repeated perjury and litigation misconduct throughout this litigation also substantially increased the amount of time and expense needed to prosecute Plaintiff's claims against them, as outlined in UPS's Motion for Sanctions which was granted by this Court. A copy of that motion is attached hereto as **Exhibit "A-3."** The attorney's fees that UPS incurred in connection with prosecuting its Motion for Sanctions that are contained within Exhibit A-1 are identified separately in the attached **Exhibit "A-4."** The fees that UPS expended in connection with the Motion for Sanctions is $143,981.96. *Id*. at 23, 24.

    ii.  *Englander's Experience and Participation*

Leonard S. Englander (***"Englander"***) is the founding partner of the Firm. Englander has been practicing law in the State of Florida since 1975 and has over forty (40) years of litigation experience handling commercial litigation matters, including cases involving misappropriation of trade secrets and tortious interference claims similar to the case at bar, and has been board certified by the Florida Bar in business

litigation since 1995. *Id.* at ¶ 8. A professor at Stetson University College of Law referred this case to Englander and the Firm, and Englander assigned the case early on to a partner, Courtney L. Fernald (***"Fernald"***), to serve as lead counsel. Englander participated in the early phases of the litigation and assisted in the case in an advisory role where appropriate, and billed a total of 1.5 hours at the rate of $500/hour in connection with this action from May 20, 2016 through November 21, 2019. *Id.* at ¶ 9. Englander's timekeeper records providing a detailed accounting of his time spent in connection with representing UPS are attached hereto as **Exhibit "A-1,"** wherein he is identified as Timekeeper 1. *Id.*

### iii. *Fernald's Experience and Participation*

Fernald is a partner at the Firm, has been practicing law in the State of Florida since 2008, and is lead counsel for UPS in the above-styled action. Fernald has focused her practice on appellate practice and commercial litigation, and is board certified by the Florida Bar in appellate practice. (Fernald Aff., ¶¶ 2, 4, 5). Fernald has almost twelve (12) years of litigation experience handling commercial litigation matters, including cases involving misappropriation of trade secrets and tortious interference claims similar to the case at bar. Fernald billed 685.25 hours at the hourly rate of $325-350/hour on this case from May 20, 2016 through November 21, 2019. *Id.* at ¶ 6. Fernald's timekeeper records providing a detailed accounting of her time

spent in connection with representing UPS are attached hereto as **Exhibit "A-1,"** wherein she is identified as Timekeeper 16. *Id*.

### iv. *McConnell's Experience and Participation*

Beatriz McConnell (***"McConnell"***) is a partner at the Firm, has been practicing law in the State of Florida since 2007, and served as Fernald's second chair throughout this case. (Fernald Aff., ¶ 7). McConnell has focused her practice on commercial litigation, has twelve (12) years of litigation experience, and has handled cases involving misappropriation of trade secrets and tortious interference claims, similar to this case. McConnell billed 1,003.65 hours at the hourly rate of $315-350/hour on this case from May 20, 2016 through November 21, 2019. *Id*. McConnell's timekeeper records providing a detailed accounting of her time spent in connection with representing UPS are attached hereto as **Exhibit "A-1,"** wherein she is identified as Timekeeper 4. *Id*.

### v. *Gangi's Experience and Participation*

Alicia Gangi (***"Gangi"***) is an associate at the Firm, has been practicing law in the State of Florida since 2017, and was initially employed by the Firm as a law clerk. Gangi has focused her practice on commercial litigation. From time to time Gangi was assigned, by either Fernald or McConnell, to perform discrete tasks relating to this action, including research and writing assignments, and assisting with discovery matters and trial preparation. Gangi billed a total of 126.65 hours, at the rate of $125-

225/hour, in connection with this action from July 6, 2016 through November 21, 2019. (Fernald Aff., ¶ 11). Gangi's timekeeper records providing a detailed accounting of her time spent in connection with representing UPS are attached hereto as **Exhibit "A-1,"** wherein she is identified as Timekeeper 5. *Id*.

    vi.   *Davis's Experience and Participation*

Andrew Davis (*"Davis"*) is an associate at the Firm and has been practicing law in the State of Florida since 2015. (Fernald Aff., ¶ 12). Davis has focused his practice on commercial litigation and has four (4) years of litigation experience. Davis billed 83.15 hours at the hourly rate of $190-210/hour on this case from May 20, 2016 through August 21, 2017. *Id*. Davis's timekeeper records providing a detailed accounting of his time spent in connection with representing UPS are attached hereto as **Exhibit "A-1,"** wherein he is identified as Timekeeper 24. *Id*.

    vii.   *Copeland's Experience and Participation*

Kathryn Copeland (*"Copeland"*) is an associate at the Firm and has been practicing law in the State of Florida since 2012. (Fernald Aff., ¶ 13). Copeland has focused her practice on commercial litigation. Copeland billed 3.20 hours at the hourly rate of $250/hour on this case from October 8, 2019 through November 20, 2019. *Id*. Copeland's timekeeper records providing a detailed accounting of her time spent in connection with representing UPS are attached hereto as **Exhibit "A-1,"** wherein she is identified as Timekeeper 38. *Id*.

### viii. *Joseph's Experience and Participation*

Phoebe Joseph (***"Joseph"***) was a law clerk at the Firm. From time to time Joseph was assigned, by either Fernald or McConnell, to perform discrete tasks relating to this action, including research assignments. Joseph billed a total of 4.3 hours, at the rate of $125/hour, in connection with this action from July 14, 2017 through July 19, 2017. (Fernald Aff., ¶ 14). Joseph's timekeeper records providing a detailed accounting of her time spent in connection with representing UPS are attached hereto as **Exhibit "A-1,"** wherein she is identified as Timekeeper 2[1]. *Id*.

### ix. *Huckfelt's Experience and Participation*

Christina Huckfelt (***"Huckfelt"***) was a law clerk at the Firm. From time to time Huckfelt was assigned, by either Fernald or McConnell, to perform discrete tasks relating to this action, including research assignments. Huckfelt billed a total of 18.1 hours, at the rate of $125-135/hour, in connection with this action from August 29, 2017 through May 29, 2018. (Fernald Aff., ¶ 15). Huckfelt's timekeeper records providing a detailed accounting of her time spent in connection with representing UPS are attached hereto as **Exhibit "A-1,"** wherein she is identified as Timekeeper 7[2]. *Id*.

---

[1] Timekeeper no. 2 was reused by paralegal, Morgan Landreth, who billed a total of 3.00 hours, at the rate of $175/hour, in connection with this action on November 15, 2019.

[2] Timekeeper no. 7 was reused by subsequent law clerk, Alex Dragovich, beginning with the October 15, 2019 entry.

x.  *Turner's Experience and Participation*

Jade Turner (***"Turner"***) was a law clerk at the Firm. From time to time Turner was assigned, by either Fernald or McConnell, to perform discrete tasks relating to this action, including research assignments. Turner billed a total of 38.05 hours, at the rate of $125/hour, in connection with this action from May 18, 2018 through January 8, 2019. (Fernald Aff., ¶ 16). Turner's timekeeper records providing a detailed accounting of her time spent in connection with representing UPS are attached hereto as **Exhibit "A-1,"** wherein she is identified as Timekeeper 3. *Id*.

xi.  *Dragovich's Experience and Participation*

Alex Dragovich (***"Dragovich"***) is a law clerk at the Firm. From time to time Dragovich was assigned, by either Fernald or McConnell, to perform discrete tasks relating to this action, including research assignments. Dragovich billed a total of 7.75 hours, at the rate of $175/hour, in connection with this action from October 15, 2019 through November 20, 2019. (Fernald Aff., ¶ 17). Dragovich's timekeeper records providing a detailed accounting of her time spent in connection with representing UPS are attached hereto as **Exhibit "A-1,"** wherein she is identified as Timekeeper 7. *Id*.

xii.  *Huaitalla's Experience and Participation*

Samantha Huaitalla (***"Huaitalla"***) is a law clerk at the Firm. From time to time Huaitalla was assigned, by either Fernald or McConnell, to perform discrete tasks relating to this action, including research assignments. Huaitalla billed a total of 3.20

hours, at the rate of $175/hour, in connection with this action from November 15, 2019 through November 20, 2019. (Fernald Aff., ¶ 18). Huaitalla's timekeeper records providing a detailed accounting of her time spent in connection with representing UPS are attached hereto as **Exhibit "A-1,"** wherein she is identified as Timekeeper 25. *Id*.

    xiii.   *Dillon's Experience and Participation*

Tara Dillon (***"Dillon"***) is a paralegal at the Firm. From time to time Dillon was assigned, by either Fernald or McConnell, to perform discrete tasks relating to this action. Dillon billed a total of 65.85 hours, at the rate of $125-175/hour, in connection with this action from June 20, 2016 through November 20, 2019. (Fernald Aff., ¶ 19). Dillon's timekeeper records providing a detailed accounting of her time spent in connection with representing UPS are attached hereto as **Exhibit "A-1,"** wherein she is identified as Timekeeper 33. *Id*.

    ix.   *D. Turner's Experience and Participation*

Diedre Turner (***"D. Turner"***) is a paralegal at the Firm. From time to time D. Turner was assigned, by either Fernald or McConnell, to perform discrete tasks relating to this action. D. Turner billed a total of 0.40 hours, at the rate of $125-175/hour, in connection with this action from May 23, 2016 through November 15, 2019. (Fernald Aff., ¶ 20). D. Turner's timekeeper records providing a detailed accounting of her time spent in connection with representing UPS are attached hereto as **Exhibit "A-1,"** wherein she is identified as Timekeeper 36. *Id*.

### B. Reasonableness of Attorneys' Fees

UPS has retained attorney Shirin M. Vesely of the law firm Trenam Law, P.A., as an expert to provide an opinion as to the reasonableness of the attorneys' fees incurred in this case. At the time that the Court entered the Final Judgment, Ms. Vesely was away during the holidays and unavailable to complete her affidavit regarding the reasonableness of the attorneys' fees incurred in this case. However, UPS will supplement this Motion following her return on January 6, 2020.

### C. Costs

From May 20, 2016 through November 21, 2019, UPS incurred costs and out-of-pocket expenses in connection with obtaining its judgment against DeLong and CSI, in the amount of $30,670.46. The aforementioned costs for which UPS seeks reimbursement are more fully described in the Affidavit as to Costs attached hereto as **Composite Exhibit "B."**

### III.   LEGAL ARGUMENT

### A. Reasonableness of Attorneys' Fees

Federal courts must apply Florida law to resolve disputes about the reasonableness of fees. *Trans Coastal Roofing Co. v. David Boland, Inc.*, 309 F.3d 758, 760 (11th Cir. 2002); *Kearney v. Auto-Owners Ins. Co.*, 713 F.Supp.2d 1369, 1374 (M.D. Fla. 2010). Florida law and federal law both follow the lodestar method to determine reasonableness of attorney's fees. Because of the similarities

between Florida and federal law, the Court may rely on federal law, but must follow Florida law to the extent that Florida law differs. *Kearney*, 713 F.Supp.2d 1374.

In applying the lodestar method, the Court should consider: the time and labor required, the novelty and difficulty of the questions, the skill required to properly perform the legal service, the preclusion of other employment by the attorney as a result of taking the case, the customary fee, whether the fee is fixed or contingent, time limitations, the amount involved and results obtained, the attorney's experience, reputation, and ability, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

### B. Reasonableness of Costs

28 U.S.C.A. § 1920 provides for taxable costs in the form of clerk and marshal fees, transcript fees, printing and witness fees, copying and exemplification fees, docket fees, and court appointed expert and interpreter fees. Similarly, Fla. Stat. § 57.071 provides for the following taxable costs: reasonable premiums or expenses paid on all bonds, court reporter fees, any sales or use tax due on legal services, and expert witness fees when such expert's written report is furnished to the opposing party.

> As a general rule, a cost item is taxable where it can be shown to relate to matters that serve a 'useful purpose' in the litigation process and is directly related to the trial or the development of the party's case. In determining the taxability of the cost item, the court is to consider the reasonableness of the amount and the necessity of the expense. Theodore C. Miloch, II, *A Practitioner's Guide to the Taxation of Costs in Civil Actions* (71 Florida Bar Journal 42, January 1997).

In this case, UPS incurred costs which have been broken down into four categories more fully described in **Composite Exhibit "B."** These categories consist of costs related to:

- service of process/filing fees,
- court reporter/transcripts,
- copies/postage, and
- expert witness.

These categories and corresponding costs served a useful purpose in the litigation process and were directly related to the trial or development of UPS's case. The entries reflected in **Exhibit "B-2"** pertain to service of process and filing fees. In this case, in order to obtain discovery, UPS subpoenaed various out of state non-parties and incurred court costs and service of process costs associated with serving those out-of-state subpoenas.

## CONCLUSION

For the reasons stated herein and supported by the attached affidavits, UPS respectfully requests that this Honorable Court enter a Supplemental Partial Final Judgment awarding it reasonable attorneys' fees and costs totaling $637,178.84.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)

In accordance with Local Rule 3.01(g), the undersigned hereby certifies that counsel for UPS conferred with counsel for Defendants, Eric DeLong and Clinical Services, LLC, on January 2, 2020 regarding this Motion, at which time he advised that his clients do not object to UPS's entitlement to recover fees and costs, however, they object to the reasonableness of the amount sought in the Motion. Because UPS is not seeking any relief against Defendant, Amanda Del Zotto, it did not confer with her regarding the relief sought in this Motion.

Dated: February 22, 2021.

>  /s/Beatriz McConnell
> COURTNEY L. FERNALD
> Florida Bar Certified, Appellate Practice
> Florida Bar No. 0052669
> Primary: cfernald@eflegal.com
> Secondary: tdillon@eflegal.com
> BEATRIZ McCONNELL
> Florida Bar No. 42119
> Primary: bmcconnell@eflegal.com
> Secondary: tdillon@eflegal.com
> **ENGLANDER and FISCHER LLP**
> 721 First Avenue North
> St. Petersburg, Florida 33731-1954
> (727) 898-7210 / Fax (727) 898-7218
> *Attorneys for Plaintiff UPS*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this date a true and correct copy of the foregoing was filed with the CM/ECF Filing System, and provided via email

00684230-2

and/or mail to the following: Alan F. Hamisch, Esq., alan@attorneysofnaples.com, Attorneys of Naples, PLLC, 501 Goodlette Frank Road, A-210, Naples, FL 34012; James J. Zonas, jameszonas@yahoo.com, Schwartz and Zonas, 700 2nd Avenue, Suite 102, Naples, FL 34012; and Amanda Del Zotto, amanda.delzotto@yahoo.com, 152 Belleford Ridge Road, Columbia, SC 29223

           */s/Beatriz McConnell*
           *Attorneys for Plaintiff UPS*